**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| NATURAL ALTERNATIVES INTERNATIONAL, INC., | )<br>)<br>) |
| Plaintiff, | ) Civil Action No.: 4:11-cv-04511 (LNH) |
| v. | )<br>)<br>) |
| WOODBOLT DISTRIBUTION, LLC, also known as Cellucor; F.H.G. CORPORATION, d/b/a Integrity Nutraceuticals; VITAQUEST INTERNATIONAL, INC., d/b/a Garden State Nutritionals, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**ANSWER OF WOODBOLT DISTRIBUTION, LLC
TO SUPPLEMENTAL COMPLAINT**

Defendant Woodbolt Distribution, LLC ("Woodbolt"), responds to the Supplemental Complaint of Plaintiff Natural Alternatives International, Inc. ("NAI") as follows:

1. In response to paragraph 1 of the Supplemental Complaint, admitted.

2. In response to paragraph 2 of the Supplemental Complaint, admitted.

3. In response to paragraph 3 of the Supplemental Complaint, Woodbolt is without information sufficient to form a belief regarding whether the Supplemental Complaint is "intended" to supplement NAI's previous Complaints, and accordingly denies same.

4. In response to paragraph 4 of the Supplemental Complaint, admitted, except as to the term "blatantly" to which Woodbolt denies.

5. In response to paragraph 5 of the Supplemental Complaint, admitted.

6. In response to paragraph 6 of the Supplemental Complaint, admitted.

7. In response to paragraph 7 of the Supplemental Complaint, admitted.

8. In response to paragraph 8 of the Supplemental Complaint, admitted, except as to "for a continuous period of time", which Woodbolt denies.

9. In response to paragraph 9 of the Supplemental Complaint, admitted, except as to "for a continuous period of time", which Woodbolt denies.

10. In response to paragraph 10 of the Supplemental Complaint, admitted.

11. In response to paragraph 11 of the Supplemental Complaint, denied.

12. In response to paragraph 12 of the Supplemental Complaint, denied.

13. In response to paragraph 13 of the Supplemental Complaint, denied.

14. In response to paragraph 14 of the Supplemental Complaint, denied.

15. In response to paragraph 15 of the Supplemental Complaint, denied.

16. In response to paragraph 16 of the Supplemental Complaint, admitted.

17. In response to paragraph 17 of the Supplemental Complaint, admitted, except as to the use of the term "again", the meaning of which is ambiguous, and Woodbolt accordingly denies same.

18. In response to paragraph 18 of the Supplemental Complaint, admitted except as to "for a continuous period of time", which Woodbolt denies.

19. In response to paragraph 19 of the Supplemental Complaint, admitted.

20. In response to paragraph 20 of the Supplemental Complaint, denied.

21. In response to paragraph 21 of the Supplemental Complaint, denied.

22. In response to paragraph 22 of the Supplemental Complaint, denied.

23. In response to paragraph 23 of the Supplemental Complaint, admitted.

24. In response to paragraph 24 of the Supplemental Complaint, admitted.

25. In response to paragraph 25 of the Supplemental Complaint, no response is believed to be required, but if any response is required, denied.

26. In response to paragraph 26 of the Supplemental Complaint, no response is believed to be required, but if any response is required, denied.

27. In response to paragraph 27 of the Supplemental Complaint, denied.

28. In response to paragraph 28 of the Supplemental Complaint, denied.

29. In response to paragraph 29 of the Supplemental Complaint, denied.

30. In response to paragraph 30 of the Supplemental Complaint, denied.

31. In response to paragraph 31 of the Supplemental Complaint, denied.

32. In response to paragraph 32 of the Supplemental Complaint, denied.

33. In response to paragraph 33 of the Supplemental Complaint, no response is believed to be required, but if any response is required, denied.

34. In response to paragraph 34 of the Supplemental Complaint, admitted that Woodbolt became aware of the '422 Patent at some point in time, which has not been defined, but denies the remainder.

35. In response to paragraph 35 of the Supplemental Complaint, denied.

36. In response to paragraph 36 of the Supplemental Complaint, denied.

37. In response to paragraph 37 of the Supplemental Complaint, denied.

38. In response to paragraph 38 of the Supplemental Complaint, denied.

## **AFFIRMATIVE DEFENSES**

39. Woodbolt incorporates by reference paragraphs 53-57 of its Answer to the Complaint for patent infringement of the '381 Patent, and incorporates by reference paragraphs 37-41 of its Answer to the Complaint for patent infringement of the '422 Patent.

## COUNTERCLAIMS

40	As part of its defense to NAI's baseless charge of infringement of the '381 and '422 Patents, Woodbolt has, at significant cost and expense, filed and participated in *Inter Partes* Requests for Reexamination of the '381 and '422 Patents in the United States Patent and Trademark Office, seeking a ruling that the '381 and '422 Patents are invalid.

41.	Woodbolt incorporates by reference paragraphs 1-105 of its Counterclaims in its Answer to the Complaint for patent infringement of the '381 Patent, and incorporates by reference paragraphs 1-105 of its Counterclaims in its Answer to the Complaint for patent infringement of the '422 Patent.

## RESPONSE TO NAI'S PRAYER FOR RELIEF

Woodbolt denies that NAI is entitled to any of the relief NAI seeks.

## WOODBOLT REQUEST FOR RELIEF

Woodbolt incorporates by reference its PRAYER FOR RELIEF section in its Answer for patent infringement of the '381 Patent, and incorporates its PRAYER FOR RELIEF section it its Answer for patent infringement of the '422 Patent.

## JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Woodbolt respectfully demands a jury trial of all issues triable to a jury in this action.

OF COUNSEL:

| | |
|---|---|
| */s/ Barry Evans* | Jayme Partridge |
| Peter J. Phillips (*pro hac vice*) | Texas Bar No. 17132060 |
| Barry Evans (*pro hac vice*) | Paul Dyson |
| Lucas & Mercanti, LLP | Texas Bar No. 24059704 |
| 475 Park Avenue South, 15th Floor | Fulbright & Jaworski, L.L.P. |
| New York, NY 10016 | 1301 McKinney, Suite 5100 |
| Tel (212) 661-8000 | Houston, TX 77010 |
| Fax (212) 661-8002 | Tel (713) 651-5151 |
| pphillips@lmiplaw.com | Fax (212) 651-5246 |
| bevans@lmiplaw.com | jpartridge@fulbright.com |
| info@lmiplaw.com | pdyson@fulbright.com |

*Attorneys for Defendant*
*Woodbolt Distribution, LLC*

## CERTIFICATE OF SERVICE

I certify that a true and complete copy of the *Answer to Supplemental Complaint* was filed by ECF using this Court's filing system, which thereby constitutes service on all parties, on November 30, 2012.

                                                                       */s/ Michael Scarpati*
                                                                          Michael Scarpati