**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| NATURAL ALTERNATIVES INTERNATIONAL, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>WOODBOLT DISTRIBUTION, LLC, )<br>also known as Cellucor; )<br>F.H.G. CORPORATION, )<br>d/b/a Integrity Nutraceuticals; )<br>VITAQUEST )<br>INTERNATIONAL, INC., d/b/a Garden State )<br>Nutritionals, )<br><br>Defendants. ) | Case No.: 4:11-cv-04511 |

**DEFENDANT WOODBOLT'S RESPONSE TO PLAINTIFF NAI'S**
**ALLEGATIONS THAT WOODBOLT'S STATEMENTS IN ITS**
**NOTICE OF SUPPLEMENTAL AUTHORITY OF "FINAL DECISION"**
**IN PATENT REEXAMINATION WERE "MISLEADING"**

**Introduction**

Defendant, Woodbolt Distribution, LLC ("Woodbolt"), submits this response to rebut

allegations by plaintiff Natural Alternatives International, Inc. ("NAI") that Woodbolt's Notice

of Authority (D.I. #176)("Notice"), which advised the Court of a Right of Appeal Notice

("RAN") issued December 6, 2013, by the United States Patent and Trademark Office

("USPTO") in the *inter partes* reexamination of U.S. Patent No. 8,067,381 ("'381 Patent"),

contained "misleading" statements or otherwise misled this Court.

**Woodbolt Did Not Mislead This Court by**
**Describing the RAN as a "Final Decision"**

NAI alleges that Woodbolt misled this Court by describing the RAN as a "final

decision". NAI is mistaken.

Woodbolt's Notice, on page 2, specifically cited to page 34 of the RAN, which itself

states that the RAN is a **FINAL DECISION**, as follows:

> This is a RIGHT OF APPEAL NOTICE (RAN); see MPEP §
> 2673.02 and § 2674. The decision in this Office action as to the
> patentability or unpatentability of any original patent claim, any
> proposed amended claim and any new claim in this proceeding is
> a **FINAL DECISION**. (D.I. #176, Exhibit 1, RAN, p. 34)
> (emphasis added)

MPEP § 2673.02 [Manual of Patent Examining Procedure] (cited above in the RAN) also states

that a RAN is a "final decision", as follows:

> A Right of Appeal Notice (RAN) is a final Office Action which
> presents a **final decision** to reject the claims (i.e., a **final**
> **decision** that the claims are rejected) and/or a final decision
> favorable to patentability as to the claims (i.e., a final decision
> not to make a proposed rejection). (MPEP § 2673.02) (emphasis
> added)

Woodbolt thus properly stated in its Notice on page 1 that the RAN was a "final

decision" of the USPTO "reexamination unit". Woodbolt also stated, on pages 2-3, that "NAI

may appeal the decision…", thereby advising the Court that NAI still had appeal rights.

**Woodbolt Did Not Mislead This Court in Stating That**
**Unpatentability Decisions Are "Seldom Reversed"**

NAI alleges that Woodbolt tried to mislead the Court by stating that final decisions of

unpatentability by the reexamination unit are "seldom reversed." NAI is again mistaken.

Woodbolt properly cited the most relevant statistics published by the USPTO. That

publication reports that *reversals* were obtained in *inter partes* reexaminations only *13.4%* of the

time in the previous Fiscal Year.

NAI tries to dispute this statistic by citing a different and *less* relevant statistic - that the Patent Trial and Appeal Board ("PTAB") "reversed or affirmed only in part" in 37.3% of appeals. What NAI has failed to tell this Court (or doesn't recognize) is that its main independent claim has been rejected on no less than *eight* alternative grounds, any one of which is sufficient to result in a finding that the claim is unpatentable. In order for the PTAB to find NAI's main independent claim patentable, *all eight* rejections of the reexamination unit must be reversed by the PTAB. A finding of "affirmed only in part" on appeal by the PTAB will not save NAI's claim from being found unpatentable, because this would mean that at least one rejection was affirmed.

While Woodbolt believes that all *eight* rejections by the reexamination unit have a sound legal basis and will be affirmed, if the PTAB affirms merely a *single* rejection, the result would be that the claim is unpatentable, even if NAI somehow succeeds in obtaining a reversal of all of the other *seven* rejections.

Because NAI must obtain a *complete reversal* of *all eight* rejections to have the PTAB find the claim patentable on appeal, the statistic - that unpatentability findings by the reexamination unit are "seldom reversed" on appeal by the PTAB – when applied to the facts of this case – accurately if not generously represents NAI's chances of reversal. In citing this statistic, Woodbolt has certainly not misled this Court.

OF COUNSEL:                                       Respectfully submitted,
*/s/ Barry Evans*
Peter J. Phillips (*pro hac vice*)                Jayme Partridge
Barry Evans (*pro hac vice*)                      Paul Dyson
LUCAS & MERCANTI, LLP                             FULBRIGHT & JAWORSKI
475 Park Avenue South, 15th Floor                 1301 McKinney, Suite 5100
New York, NY 10016                                Houston, Texas 77010
(212) 661-8000                                    713-651-5151
pphillips@lmiplaw.com                             jpartridge@fulbright.com
bevans@lmiplaw.com                                pdyson@fulbright.com

                                                  *Attorneys for Defendant Woodbolt*
Dated: January 10, 2014                           *Distribution, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 10, 2014, I caused the foregoing document to be

electronically filed with the Clerk of Court using CM/ECF, which will send notification of such

filing to all counsel of record.


*/s/      Michael Scarpati*
Michael Scarpati