**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**Houston Division**

| | |
|---|---|
| NATURAL ALTERNATIVES INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br><br> WOODBOLT DISTRIBUTION, LLC, also known as Cellucor, *et al.*, <br><br> Defendants. | Civil Action No. 4:11-cv-4511 <br> (Consolidated 4:12-cv-1388) <br> (Consolidated 4:13-cv-1742) <br> (Consolidated 4:13-cv-1834) |

## NATURAL ALTERNATIVES INTERNATIONAL, INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED PLEADINGS AND FOR LIMITED DISCOVERY AND MEMORANDUM IN SUPPORT

Plaintiff, Natural Alternatives International, Inc. ("NAI"), moves to file amended pleadings pursuant to Fed. R. Civ. P. 15(a) to add an additional defendant and counter-defendant, Woodbolt Distribution, LLC ("Woodbolt"), a recently-converted Delaware limited liability company, to add claims for patent infringement against new Woodbolt products, and to include additional factual allegations that arose after filing the pleadings. Specifically, NAI moves to file the following proposed pleadings: (1) First Amended Complaint of Dkt. Nos. 1 (4:11-cv-4511), 1 (4:12-cv-1388), and 89 (4:11-cv-4511), attached hereto as Exhibit A; (2) First Amended Complaint of Dkt. No. 1 (4:13-cv-1742), attached hereto as Exhibit B; and (3) First Amended Answer and Counterclaim of Dkt. No. 140 (filed in response to Dkt. No. 1 (4:13-cv-1834)), attached hereto as Exhibit C. NAI also moves the Court for leave to take limited discovery of the circumstances surrounding Woodbolt's conversion.

2901152

## BACKGROUND

**A.    Procedural History**

On December 21, 2011, NAI filed its complaint in this action alleging that Woodbolt, a Texas limited liability company, and co-defendants F.H.G. Corporation, d/b/a Integrity Nutraceuticals ("FHG") and Vitaquest International, Inc., d/b/a Garden State Nutritionals ("Vitaquest") infringed one or more claims of NAI's U.S. Patent No. 8,067,381 ("the '381 patent") in connection with certain Woodbolt dietary supplement products containing beta-alanine, including C4 Extreme, M5 Extreme, and N-Zero Extreme. (Dkt. No. 1). On May 3, 2012, NAI filed a complaint in this Court in Civil Action No. 4:12-cv-1388 alleging that Woodbolt, the Texas limited liability company, infringed one or more claims of NAI's U.S. Patent No. 8,129,422 ("the '422 patent") in connection with Woodbolt's C4 Extreme, M5 Extreme, and N-Zero Extreme products. (Dkt. No. 1, 4:12-cv-1388). That case was subsequently consolidated into this case. (Dkt. No. 34). On November 9, 2012, NAI filed a supplemental complaint to these two previous complaints alleging that Woodbolt further infringed the '381 and '422 patents in connection with its Cellucor COR-Performance β-BCAA™ and Cellucor COR-Performance™ Creatine products. (Dkt. No. 89). Pending before the Court are Woodbolt's Motion for Summary Judgment of Invalidity and NAI's Cross-Motion for Summary Judgment of Infringement and Validity of the Patents-in-Suit on these complaints. (*See* Dkt. Nos. 53, 62-64, 90).

On June 14, 2013, NAI filed a complaint in this Court in Civil Action No. 4:13-cv-1742 alleging that Woodbolt, the Texas limited liability company, and co-defendants GNC Corporation ("GNC") and Bodybuilding.com, LLC ("Bodybuilding.com"), infringed one or

more claims of the '381 and '422 patents in connection with Woodbolt's Neon Sport™ Volt™ product. (Dkt. No. 1, 4:13-cv-1742). That case was subsequently consolidated into this case (Dkt. No. 123) and stayed as to defendants GNC and Bodybuilding.com, pending the Court's decision on the dispute between NAI and Woodbolt (Dkt. No. 136).

On June 24, 2013, Woodbolt, the Texas entity, filed a complaint against NAI in this Court in Civil Action No. 4:13-cv-1834 seeking a declaratory judgment of invalidity, unenforceability and non-infringement of U.S. Patent No. 8,470,865 ("the '865 patent"). (Dkt. No. 1, 4:13-cv-1834). That case was subsequently consolidated into this case. (Dkt. No. 127). NAI answered the complaint and counterclaimed against Woodbolt, alleging that Woodbolt infringed the '865 patent in connection with its dietary supplement products, including C4 Extreme, M5 Extreme, and N-Zero Extreme, Cellucor COR-Performance β-BCAA™, and Neon Sport™ Volt™. (Dkt. No. 140).

On February 6, 2012, NAI filed an infringement claim against DNP International Co., Ltd. ("DNP") in the U.S. District Court for the District of Delaware, alleging DNP infringed the '381 patent. (Dkt. No. 21, Case No. 1:11-cv-01283-GMS). The parties subsequently settled the dispute, filing a stipulation dismissing all claims against each other on July 28, 2014, well after the Texas pleadings were filed. (Dkt. No. 86, Case No. 1:11-cv-00788-GMS (consol.)). As part of the case, DNP agreed to exit the beta-alanine business: "DNP International Co., Inc. ('DNP') announced today that, effective immediately, DNP will exit the beta-alanine business. DNP and its affiliates will no longer import, export, supply, make, use, distribute, offer for sale, sell or supply beta-alanine, or any salt, ester, amide or derivative of beta-alanine." (Ex. D).

### B. Woodbolt Entity Conversion

At the time of filing the above-referenced Texas pleadings, Woodbolt was registered and doing business as a Texas limited liability company. However, on or about July 7, 2014, Woodbolt filed a Certificate of Conversion with the Texas Secretary of State which stated that the Texas limited liability company "converted to a Delaware limited liability company on June 25, 2014, and the name of the Delaware limited liability company is Woodbolt Distribution, LLC." (*See* Certificate of Conversion, attached hereto as Ex. E). Woodbolt, the Delaware entity, continues to do business under the trade name Cellucor, offering sports nutrition supplements, including the accused products named in the above-referenced pleadings. NAI therefore seeks to amend its pleadings to assert claims against the Delaware entity.

The Delaware LLC, as the successor to the Texas LLC, is liable to NAI for the continued infringement of NAI's beta-alanine patents. Woodbolt did not inform the Court or NAI of its conversion or the reasons for it. NAI learned of the conversion through its own investigation.

### C. Woodbolt's Infringing Products

In January 2015, more than three years after NAI filed its initial complaint, Woodbolt began making, having made, using, offering for sale and selling a new product that contains beta-alanine, Cellucor C4. It began actively selling C4 to the public on or about January 12, 2015. (Ex. 34 to Ex. A). In doing so, Woodbolt flagrantly introduced C4 while NAI's motions for summary judgment of infringement of the patents-in-suit relating to its C4 Extreme, M5 Extreme, N-Zero Extreme, Cellucor COR-Performance β-BCAA, and Cellucor COR-Performance Creatine accused products are still pending before this Court. The proposed First Amended Complaint, attached hereto as Exhibit A, shows that C4 infringes at least certain

- 4 -

2901152

claims of the '381 and '422 patents. This new product contains 1.6 grams of beta-alanine in a single serving and the label recommends one or two servings daily. (Ex. 35 to Ex. A).

Also in January 2015, Woodbolt began making, having made, using, offering for sale and selling a new product, Cellucor C4 50x. Woodbolt began actively selling C4 50x to the public on or about January 12, 2015 (Ex. 34 to Ex. A), again while dispositive motions in this case are pending. The proposed First Amended Complaint, attached hereto as Exhibit A, shows that C4 50x infringes at least certain claims of the '381 and '422 patents. This new product contains 2.4 grams of beta-alanine in a single serving and the label recommends one or two servings daily. (Ex. 36 to Ex. A).

## ARGUMENT

### I. NAI SHOULD BE GRANTED LEAVE TO AMEND ITS PLEADINGS TO ADD THE DELAWARE LIMITED LIABILITY COMPANY AS A DEFENDANT.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint "shall be freely given when justice so requires." The liberal amendment policy embodied in Rule 15(a) is "a mandate to be heeded," and leave should be granted unless the opposing party can demonstrate "extraordinary circumstances." *Foman v. Davis*, 371 U.S. 178, 182 (1962){ TA \l "*Foman v. Davis*, 371 U.S. 178, 182 (1962)" \s "Foman v. Davis" \c 1 }. The Rule "evinces a bias in favor of granting leave to amend" and amendment should be granted "unless there is a substantial reason to deny leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597-98 (5th Cir. 1981). "The types of reasons that might justify denial of permission to amend a pleading include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party." *Id*. The policy of the federal rules, however, "is to permit

- 5 -

liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Id*.

Moreover, a defendant may be added to an action pursuant to Rule 19 or Rule 20 of the Federal Rules of Civil Procedure:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

NAI's proposed amended pleadings seek to add the new Woodbolt Delaware entity as a party to the action. Amendment is required to join a necessary defendant, and ensure that NAI may obtain relief from the proper parties. Allowing NAI to amend its pleadings to add the

Delaware entity will cause no delay in the proceedings, nor undue prejudice to Woodbolt. NAI has not delayed in seeking amendment, but instead filed this motion upon learning through its own investigation of the entity conversion. The corporate conversion is one that Woodbolt should have notified NAI and Court of immediately, but allowing NAI to amend its pleadings can remedy the omission.

## II. NAI SEEKS LIMITED DISCOVERY FROM WOODBOLT REGARDING ITS CONVERSION.

As noted above, Woodbolt did not inform this Court or NAI as to its conversion from a Texas LLC to a Delaware LLC. NAI discovered the conversion papers as a result of its own investigation. Woodbolt has not made any public statement as to the reasons for the conversion.

NAI seeks leave of Court to take limited discovery from Woodbolt (the Texas and Delaware LLCs) as to the reasons for the conversion, including whether it was done to shield assets from potential liability to NAI for patent infringement. Limited discovery would also relate to whether Woodbolt's action has any impact on the pending summary judgment motions. Information is discoverable if it is "relevant to any party's claim or defense" or if it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The information sought by NAI is relevant to the claims and defenses in the consolidated cases and is therefore clearly discoverable. NAI respectfully requests that this motion for discovery be granted.

## III. NAI SHOULD BE GRANTED LEAVE TO AMEND OR SUPPLEMENT ITS COMPLAINTS TO ADD CLAIMS FOR PATENT INFRINGEMENT AGAINST WOODBOLT'S NEW INFRINGING PRODUCTS.

NAI should further be granted leave to amend its complaints to assert claims for patent infringement against Woodbolt's new C4 and C4 50x products. There is no reason to prohibit

- 7 -

2901152

NAI from adding these products as accused products in this case. There has been no conduct by NAI that would amount to undue delay, bad faith, or dilatory motive. This case, though pending since 2011, is still in its initial stages, and the parties' motions for summary judgment are still pending before the Court. NAI is seeking to amend its complaint promptly upon learning of Woodbolt's C4 and C4 50x products, rendering this motion timely and made in good faith.

There is further no issue of a repeated failure to cure deficiencies by amendments or supplements previously allowed. Nor is there any undue prejudice to Woodbolt by adding the infringing products because this case is in its infancy. The parties have not engaged in any discovery. The C4 and C4 50x products are related to the accused products, notably its C4 Extreme product, with Woodbolt itself specifically representing to the public that C4 is a "fourth generation" product containing beta-alanine. (Ex. 34 to Ex. A). Thus, infringement positions will be related. Moreover, Woodbolt deliberately launched its new blatantly-infringing products while motions for summary judgment are pending in this case without notice to NAI or the Court.[1] It made a calculated decision to do so and cannot argue that it is unduly prejudiced by adding C4 and C4 50x as accused products in this case. Permitting amendment, as opposed to requiring NAI to file a separate lawsuit, will ensure that all currently-existing issues between the parties are in front of this Court, where they can be most expeditiously decided. *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599-600 (5th Cir. 1981) ("If the plaintiff cannot amend, his proper recourse is to file a new action . . . . All that is accomplished is that the case is set back on the docket, and disposition of the merits delayed, a result that [R]ule 1 directs us to avoid and

---

[1] The Court issued a Management Order (Dkt. No. 49) requiring Woodbolt to file a stipulation regarding what it makes, how it makes it, and what it is sold or consumed for. Despite this Order, Woodbolt failed to notify NAI or the Court of these new products.

that undercuts the policy of the federal rules in favor of consolidating litigation to facilitate an efficient and expeditious resolution of disputes.").

Finally, adding the C4 and C4 50x products would not be futile because the products infringe the patents-in-suit, as fully set forth in NAI's proposed First Amended Complaint and Counterclaim. (Exs. A, C).

**IV.  NAI SHOULD BE GRANTED LEAVE TO AMEND ITS PLEADINGS TO INCLUDE ADDITIONAL FACTUAL ALLEGATIONS THAT AROSE AFTER THE FILING OF THE PLEADINGS.**

To rebut Woodbolt's assertion of obviousness against the '381 patent, NAI seeks to include additional evidence in its pleadings that the '381 patent is not obvious, as proven by NAI's infringement claim against DNP in Delaware and DNP's decision to exit the market and stop infringing the patent. DNP's market exit is relevant as a secondary consideration of nonobviousness of the '381 patent, which should be considered. *See Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 667 (Fed. Cir. 2000) (holding that secondary considerations of nonobviousness such as commercial success, long-felt but unresolved need, failure of others, copying, unexpected results, etc., "when present, must be considered in determining obviousness."). Because the event happened after the filing of NAI's Texas pleadings, NAI seeks to include these additional factual allegations in its amended pleadings to support its claim of nonobviousness.

## CONCLUSION

For the foregoing reasons, NAI should be granted leave to amend its pleadings to add as a defendant and counter-defendant Woodbolt Distribution, LLC, a recently-converted Delaware limited liability company, to add claims for patent infringement against Woodbolt's new C4 and

C4 50x products, and to include additional factual allegations that arose after filing the pleadings. NAI should further be granted limited discovery surrounding Woodbolt's entity conversion.

Dated: February 6, 2015

Respectfully submitted,

/s/ Richard J. Oparil
Richard J. Oparil (S.D. Texas Bar No. 30422)
Kevin M. Bell
Scott A.M. Chambers, Ph.D.
Caroline C. Maxwell (State Bar No. 24055341)
(S.D. Texas Bar No. 927197)
PORZIO, BROMBERG & NEWMAN, P.C.
1200 New Hampshire Avenue, NW
Suite 710
Washington, D.C. 20036-6802
Telephone: (202) 517-1888
Facsimile: (202) 517-6322

*Attorneys for Plaintiff Natural Alternatives International, Inc.*

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for NAI conferred with counsel for Woodbolt regarding the foregoing motion and counsel for Woodbolt is unopposed to the motion.

/s/ Richard J. Oparil
Richard J. Oparil

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2015, a copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

/s/ Richard J. Oparil
Richard J. Oparil