# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# Houston Division

| | |
|---|---|
| NATURAL ALTERNATIVES INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> WOODBOLT DISTRIBUTION, LLC, also known as Cellucor, *et al.*, <br><br> Defendants. | Civil Action No. 4:11-cv-4511 <br> (Consolidated 4:12-cv-1388) <br> (Consolidated 4:13-cv-1742) <br> (Consolidated 4:13-cv-1834) |

## NAI's RESPONSE TO WOODBOLT'S NOTICE OF SUPPLEMENTAL AUTHORITY ON DECISION OF PATENT TRIAL AND APPEAL BOARD

Plaintiff, Natural Alternatives International, Inc. ("NAI"), briefly responds to the notice of supplemental authority filed by defendant Woodbolt Distribution, LLC ("Woodbolt") on the decision of the Patent Trial and Appeal Board ("PTAB"), part of the U.S. Patent and Trademark Office, on the *inter partes* reexamination of one of the patents-in-suit. Dkt. No. 200.

While Woodbolt suggests that the PTAB decision on U.S. Patent No. 8,067,381 ("the '381 patent") is "final", it is not. NAI has 30 days to request that the PTAB reconsider its decision. *See* 37 C.F.R. § 41.79. Assuming reconsideration is denied, NAI would have 63 days from that decision to file a notice of appeal to the U.S. Court of Appeals for the Federal Circuit. *See* 35 U.S.C. §§ 141(b), 142; 37 C.F.R. § 90.3; *Portal Technologies, Inc. v. Yahoo, Inc.*, Civil Action No. 11-440, Order at 1-2 (E.D. Tex. Jan. 3, 2013) (Dkt. No. 146 Ex. 1). Further assuming that the Federal Circuit reaches a final decision adverse to NAI and the mandate issues, only then could the Patent Office issue a "reexamination certificate" cancelling the claims of the patent. *See* 35 U.S.C. § 316(a) (pre-AIA) ("In an inter partes reexamination proceeding under this

chapter, when the time for appeal has expired or any appeal proceeding has terminated, the Director shall issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable, confirming any claim of the patent determined to be patentable, and incorporating in the patent any proposed amended or new claim determined to be patentable."); 37 C.F.R. §§ 1.979(b) and 1.997. Until such time, the '381 patent continues be presumptively valid as a matter of law.

Woodbolt's notice also misleadingly omits the fact that the PTAB decision rejected the claim construction proffered by Woodbolt and the Examiner, and reversed the Examiner's rejection of claims 2-14 and 32-34 as being obvious under 35 U.S.C. § 103. As a result, Woodbolt will be estopped from raising those same grounds of invalidity in this case upon a favorable final decision through a PTAB rehearing or Federal Circuit appeal. 35 U.S.C. § 315(c) (pre-AIA).

Finally, the appeal on the *inter partes* reexamination of U.S. Patent No. 8,129,422 remains pending before the PTAB; no appeal hearing has been held and certainly no decision has issued. The third patent before the Court, No. 8,470,865, is not the subject of any reexamination proceeding.

Thus, this case is in the same position it was in before the PTAB decision on the '381 patent.

Dated: July 30, 2015                            Respectfully submitted,

                                                    /s/ Richard J. Oparil
                                                    Richard J. Oparil (S.D. Texas Bar No. 30422)
                                                    Kevin M. Bell
                                                    Scott A.M. Chambers, Ph.D.
                                                    Caroline C. Maxwell (State Bar No. 24055341)
                                                    (S.D. Texas Bar No. 927197)
                                                    PORZIO, BROMBERG & NEWMAN, P.C.
                                                    1200 New Hampshire Avenue, NW
                                                    Washington, D.C. 20036-6802
                                                    Telephone: (202) 517-1888
                                                    Facsimile: (202) 517-6322

                                                    *Attorneys for Plaintiff*
                                                    *Natural Alternatives International, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2015, a copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

/s/ Richard J. Oparil
Richard J. Oparil

3135146